NOT FOR PUBLICATION                                                              CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDWELL, LLC, : | Civil Action No. 13-3998 (FSH) |
| : | |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| vs. : | |
| : | October 7, 2013 |
| CIGNA HEALTHCARE OF NEW JERSEY, INC., : | |
| : | |
| Defendant. : | |
| : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon MedWell, LLC's motion to remand this matter to state court [Dkt. No. 7]. MedWell also requests attorney's fees pursuant to 28 U.S.C. § 1447(c). For the reasons below, the Court will grant MedWell's motion to remand and deny its motion for attorney's fees.

**I.    BACKGROUND**

On May 21, 2013, MedWell, LLC ("MedWell" or "Plaintiff") filed a complaint against CIGNA Healthcare of New Jersey, Inc.[1] ("Defendant") in New Jersey Superior Court, Law Division, Special Civil Part, Bergen County, Docket No. DC-012123-13. MedWell alleged claims for (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) violations of the New Jersey Healthcare Information Networks and Technologies Act ("HINT"), and (4) unjust enrichment. [Dkt. No. 1 at 12-15.] Defendant removed this matter to federal

---

[1] Although pled as "CIGNA Healthcare of New Jersey, Inc.," Defendant's proper name is Connecticut General Life Insurance Company.

court on June 27, 2013 on the basis of preemption of Plaintiff's state law claims under the Employee Retirement Income Security Act ("ERISA").

Plaintiff is a healthcare provider licensed and authorized to provide healthcare services in the State of New Jersey. Plaintiff provides medical, chiropractic, and physical therapy services to patients. Defendant is a health services company that conducts business in the State of New Jersey. Defendant enters into contracts with individuals and groups to provide health service benefits or administrative services.

Plaintiff alleges that it provided services to A.W., one of Defendant's subscribers, from October 2010 through January 2011. Plaintiff also alleges that Defendant has failed to pay for approximately $9,519.00 of the services Plaintiff provided to A.W. in violation of Defendant's agreement with A.W. These actions form the factual basis for Plaintiff's claims listed above.

## II.    STANDARD OF REVIEW

Under the federal removal statute, any civil action brought in state court over which the federal district courts have jurisdiction may be removed by the defendant to federal court. 28 U.S.C. § 1441(a). As such, a state court defendant may remove any civil action founded on a claim or right that arises under federal law. *Id.* However, under the "well-pleaded complaint" rule, "the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004); *see also Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Ca.*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.").

The Supreme Court has identified a narrow class of cases where the well-pleaded complaint rule does not apply. Under the doctrine of "complete preemption," a plaintiff's complaint may be removed to federal court, even when it does not state a federal claim on its face, if it raises claims in an area where federal law completely preempts state law. *Pasack*, 388 F.3d at 399. Where federal law occupies an entire field of regulatory interest, a plaintiff's claims that fall within that field of interest, no matter how they are stated in the complaint, must be recharacterized as stating a federal cause of action. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When a federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."). ERISA is one such statute that may completely preempt a plaintiff's state law claim. "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Section 502(a) of ERISA empowers beneficiaries to recover benefits due to them under the terms of their plans, to enforce their rights under the terms of the plans, or to clarify their rights to future benefits under the terms of the plans. 29 U.S.C. § 1132. It also empowers beneficiaries and participants to enjoin any act or practice which violates any provision of Section 502 or the terms of their ERISA plans, or to obtain other appropriate equitable relief. *Id*. Section 502(a) is the exclusive remedy for rights guaranteed under ERISA. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990). Causes of action that purport to raise only state law claims, but which fall within the scope of the civil enforcement provisions of Section 502, are

necessarily federal in character and removable to federal court by virtue of the clearly manifested intent of Congress. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).

Because the party seeking removal to federal court must establish federal subject-matter jurisdiction by a preponderance of the evidence, Defendant bears the burden of proving that Plaintiff's claim is truly an ERISA claim. *Pasack*, 388 F.3d at 401-02. In addition, "[t]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff makes two arguments in support of remanding this matter to state Court. First, Plaintiff argues that it does not have standing to sue under ERISA. Second, Plaintiff argues that the "savings clause" of ERISA applies to its claims. Because the standing issue is dispositive, the Court does not reaching the "savings clause" issue. The Court also addresses attorney's fees below.

#### a. Standing

Plaintiff argues that it does not have standing to sue under ERISA, and as a result, its state law claims are not completely preempted by ERISA. In response, Defendant argues that Plaintiffs would have standing to sue under ERISA because Plaintiff purported to receive an assignment of rights from the relevant plan participant, A.W., and, therefore, ERISA completely preempts Plaintiff's state law claims.

"Section 502(a) of ERISA allows 'a participant or beneficiary' to bring a civil action, *inter alia*, 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' By its

terms, standing under the statute is limited to participants and beneficiaries." *Pascack*, 388 F.3d at 400 (internal citations omitted) (finding that a hospital did not have standing under ERISA therefore its state law claims were not completely preempted by ERISA).

Although the Third Circuit has not squarely addressed the question of standing to sue under ERISA § 502(a) by assignment (*see Pascack*, 388 F.3d at 400 n.7 (declining to reach the issue but noting that almost every other circuit to face the question has ruled that a health care provider can assert a claim under § 502(a) when a beneficiary or participant has assigned to the provider the individual's benefits under the plan)), courts in this district have found that providers may assert an ERISA claim where a beneficiary or participant has assigned their rights to benefits under the plan to the provider. *See*, *e.g.*, *Franco v. Connecticut Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 807 (D.N.J. 2011) (collecting cases). The resolution of this issue turns on the existence and scope of any assignment to Plaintiff from A.W.

Plaintiff filed its complaint against Defendant on May 21, 2013. [Dkt. No. 1 at 11.] Plaintiff alleged, *inter alia*, that "A.W. has assigned their rights to the benefits and payments (if any) to the Plaintiff, related to the services which the Defendant is obligated to pay."[2] [Dkt. No. 1 at 12.] Plaintiff also alleged that "A.W. has further assigned his rights and benefits for the payment of services (if any) to the Plaintiff."[3] [Dkt. No. 1 at 13.]

In its notice of removal, Defendant stated that "[a]ccording to the Complaint, A.W. purportedly assigned his/her rights to the Plaintiff--thereby supposedly conferring the status as a

---

[2] In response to this allegation, Defendant's Answer states: "Defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph of the Complaint and, therefore, denies the same." [Dkt. No. 6 at 2.]

[3] In response to this allegation, Defendant's Answer states: "Defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph of the Complaint and, therefore, denies the same." [Dkt. No. 6 at 2.]

participant/beneficiary in an ERISA-regulated employee benefit plan to it, along with derivative standing under § 502(a) of ERISA--for the Plaintiff to prosecute rights under the qualifying plan." [Dkt. No. 1 at 5.]  In its Answer, Defendant asserted as its Thirty-Second Affirmative Defense that "[t]he Plaintiff lacks standing to sue and bring its Complaint against the Defendant here because, *inter alia*, its Assignment of Benefits is invalid, incomplete and/or otherwise insufficient." [Dkt. No. 6 at 9.]

Defendant has not provided any assignment, has couched all descriptions of assignments to carefully avoid admitting that such an assignment actually exists, and has pleaded the affirmative defense of lack of standing. (*See*, *e.g.*, Opp. Br. at 18 n.2.)  In order to avoid remand for lack of standing to sue under ERISA, Defendant relies primarily on two cases that state the allegations in a plaintiff's complaint are to be taken as true and can establish standing in analyzing a motion to remand. *See Sportscare of Am., P.C. v. Multiplan, Inc.*, Civ. No. 10-4414, 2011 WL 223724 (D.N.J. Jan. 24, 2011) report and recommendation adopted, Civ. No. 10-4414, 2011 WL 500195 (D.N.J. Feb. 10, 2011); *Premier Health Ctr., P.C. v. UnitedHealth Grp.*, Civ. No. 11-425, 2012 WL 1135608 (D.N.J. Apr. 4, 2012).

In *Sportscare*, the Plaintiff alleged that "[a]t all times mentioned herein the plaintiff was out-of-network and did not have a contract with any of the defendants therefore ***entitling the plaintiff to be paid for services rendered to individual insureds through the use of assignment of benefits documents*** or through patient reimbursement." *Sportscare*, 2011 WL 223724, at *3 (emphasis in original).  The *Sportscare* Court found that this language, taken as true, bestowed standing to sue under ERISA on the plaintiff. *Id*., at *3-*4.

Similarly, in *Premier Health*, the court found that the following language in the plaintiff's complaint constituted a valid assignment, if taken as true:

6

> The standard "Assignment of Benefits Form" that Premier Health has its patients sign states:
>
> I hereby instruct and direct [United or Health Net] Insurance Company to pay by check made out and mailed out to: Premier Health Center, P.C., 385 Prospect Ave., 1Fl., Hackensack, NJ 07601, Or
>
> If my current policy prohibits direct payment to doctor, I hereby also instruct and direct you to make out the check to me and mail it as follows: [to same address]
> For the professional or expense benefits allowable, and otherwise payable to me under my current insurance policy as payment toward the total charges for the professional services rendered. THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY. This payment will not exceed my indebtedness to the above-mentioned assignee, and I have agreed to pay, in a current manner, any balance of said professional service charges over and above this insurance payment.

*Premier Health*, 2012 WL 1135608, at *6-*7.

The assignments, as alleged, in *Premier Health* and *Sportscare* differ significantly from the purported assignment described in Plaintiff's Complaint. In both *Premier Health* and *Sportscare*, the plaintiffs alleged that there was a direct assignment of benefits that supported the cause of action. *See supra*. In contrast, the allegations in Plaintiff's Complaint state "A.W. has assigned their rights to the benefits and payments (if any) to the Plaintiff, related to the services which the Defendant is obligated to pay," and "A.W. has further assigned his rights and benefits for the payment of services (if any) to the Plaintiff." [Dkt. No. 1 at 12-13.] At best, these vague statements merely allege that A.W. conveyed a right to reimbursement from Defendant.[4]

---

[4] This district is split on whether the assignment of the receipt of payments versus the assignment of all benefits is necessary to confer derivative standing. Some cases have found that more than the mere receipt of payment is necessary to confer standing. *See*, *e.g.*, *MHA, LLC v. Aetna Health, Inc.*, Civ. No. 12-2984, 2013 WL 705612, at *3 (D.N.J. Feb. 25, 2013) (noting any purported assignment must "encompass the patient's legal claim to benefits under the plan"); *Demaria v. Horizon Healthcare Servs., Inc.*, Civ. No. 11-7298, 2012 WL 5472116, at *4 (D.N.J. Nov. 9, 2012) (noting that the scope of the assignment is critical to determining standing); *Franco*, 818 F. Supp. 2d at 808 ("the assignment must encompass the patient's legal claim to benefits under the plan"); *North Jersey Ctr. for Surgery v. Horizon BCBS of New Jersey Inc.*, Civ. No. 07-4812, 2008 WL 4371754, at *8 (D.N.J. Sept. 18, 2008) (vague references to a

7

Defendant's affirmative defense of lack of standing, and its denial of these allegations further weigh in favor of finding that Defendant cannot meet its burden of establishing preemption. *See N. Jersey Ctr. for Surgery*, 2008 WL 4371754, at *3-*4 (noting that Defendant's defense of no valid assignment militated against finding standing when Defendant also pointed to Plaintiff's Complaint to justify removal and emphasizing Defendant's burden to justify removal). In addition, Plaintiff's assertion that there is a genuine issue as to lack of standing, if correct, would necessitate remand for lack of standing under ERISA.

Defendant bears the burden of proving that Plaintiff's claim is truly an ERISA claim. *Pasack*, 388 F.3d at 401-02. After reviewing the purported assignment language in the Complaint, reviewing Defendant's Answer, and considering the fact that Defendant bears the burden of proving jurisdiction, the Court finds that the Defendant is taking the position there is no valid assignment such that Plaintiff would have no derivative standing to assert ERISA

---

purported assignment failed to establish that there was a complete assignment of health insurance benefits versus a mere right of reimbursement); *Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health and Benefits Plan*, Civ. No. 05-5941, 2007 WL 2793372, at *3 (D.N.J. Sept. 25, 2007) (no ERISA jurisdiction where applicable assignment's language allowed for the receipt of payments but did not support an unequivocal assignment of all of the patient's rights under the plan); *Cf. Cmty. Med. Ctr. V. Local 464A UFCW Welfare Reimbursement Fund*, 143 F. App'x. 433, 435 (3d Cir. 2005) (observing in dicta that a court could not be satisfied that a provider has standing to pursue a claim under ERISA § 502(a) as an assignee without knowing the term or parameters of the purported assignments). Other cases have found that the right to recover payment is enough to confer standing. *See*, *e.g.*, *Edwards v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 08-6160, 2012 U.S. Dist. LEXIS 105266 (D.N.J. June 4, 2012) ("Accordingly, the assignment of the right to reimbursement here confers derivative standing under ERISA."); *Premier Health Ctr., P.C. v. UnitedHealth Grp.*, Civ. No. 11-425, 2012 WL 1135608, at *8 (D.N.J. Apr. 4, 2012) ("[the right of reimbursement] must logically include the ability to seek judicial enforcement of that right"); *N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co.*, Civ. No. 10-4260, 2011 WL 4737067, at *5-*6 (D.N.J. June 30, 2011) (finding that the contract "unequivocally establishes that an assignment of the only plan benefit at issue (*i.e.*, the benefit of reimbursement) was in fact made") report and recommendation adopted, Civ. No. 10-4260, 2011 WL 4737063 (D.N.J. Oct. 6, 2011). This Court is persuaded that more than the bare right to payment is necessary to confer derivative standing under ERISA.

claims.[5]  In essence, Defendant's affirmative defense of no valid assignment would deprive this Court of jurisdiction.[6]  It is Defendant's burden to establish jurisdiction, and it has not shown that Plaintiff would have standing to sue under ERISA.  Therefore, Defendant has not shown that Plaintiff's claims are completely preempted by ERISA.  Plaintiff's motion to remand is granted.

    *b.  Attorney's Fees*

In addition to moving to remand to state court, Plaintiff requests attorney's fees under 28 U.S.C. 1447(c).  The above discussion shows that Defendant's removal to federal court was not objectively unreasonable.  The Court, in exercising its discretion, declines to award attorney's fees in this instance.

**IV.    CONCLUSION & ORDER**

For the reasons stated above;

**IT IS** on this 7th day of October 2013,

**ORDERED** that Plaintiff's Motion to Remand [Dkt. No. 7] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for attorney's fees is **DENIED**; and it is further

**ORDERED** that this matter is **CLOSED**.

                                              **IT IS SO ORDERED.**

                                              **/s/ Faith S. Hochberg_____**
                                              **Hon. Faith S. Hochberg, U.S.D.J.**

---

[5] The Court is also mindful that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Boyer*, 913 F.2d at 111.

[6] The Court notes that due to the availability of a state court action in this instance, it would be a waste of judicial resources to litigate the validity of the purported assignment in federal court as Defendant's defense would deprive this Court of jurisdiction.